Ex parte COHEN.

(District Court, D. Massachusetts. October 17, 1917.)

No. 1582.

ARMY AND NAVY ⟨⇒20—SELECTIVE DRAFT ACT—PERSONS EXEMPT—HABEAS CORPUS.

A person who enlisted in the United States army for a term of seven years in 1914, and subsequently purchased his release, and was honorably discharged, was not exempt from draft under Act May 18, 1917, either under section 4, exempting persons in the military service of the United States, or on the theory that his voluntary discharge within the period for which he enlisted created an implied agreement that he should not be called for military service during the remainder of the term of his enlistment, as it was for Congress to determine whether such persons should be exempted.

Petition by Jack Cohen for habeas corpus. Petition dismissed.

Harvey H. Pratt, of Boston, Mass., for petitioner.
The United States Attorney, opposed.

MORTON, District Judge. This is a petition for habeas corpus to secure the petitioner's discharge from the military service of the United States into which he was drafted under Act of May 18, 1917. Upon the filing of the petition an order of notice issued, in response to which the respondent appeared and suggested orally that on the face of the petition no case was stated for the issue of the writ; and the parties were fully heard on that question.

The facts stated in the petition are, of course, assumed to be true. I do not understand that there is any real dispute between the parties

concerning them. It is agreed that Cohen has been duly drafted with all requisite formalities under the act referred to, and is now in the training camp at Ayer, in this district. The only ground on which his discharge is claimed is that in 1914 (as stated in the petition) he voluntarily enlisted as a private in the United States army for a term of seven years, and that April, 1916, he purchased his release and was honorably discharged from said service. He contends that by reason of these facts he was exempt from draft under the present act.

Section 4 of said act specifies with considerable detail those classes which are absolutely exempt from the draft and those which may be exempted by the President. The petitioner does not contend that he comes within the latter group. His first contention is that he was, when drafted, a "person in the military * * * service of the United States," within section 4, and therefore entitled to absolute exemption. No authority is cited in support of this contention, and it does not seem to me well founded. His discharge was not a transfer to a reserve force, where he might be subject to call and would be to some extent under military control. The effect of it was to terminate completely his connection with the military establishment of the United States, as to which he stood thereafter like any other citizen of this country.

The petitioner also claims that the government's action in accepting his enlistment for seven years and voluntarily discharging him within that period created an implied agreement that he should not be called for military service during the remainder of the term covered by his enlistment. No such ground of exemption is given in the act. Its specific and definite provisions in this important particular are unambiguous, and ought not to be enlarged by judicial construction, so as to include classes not therein named. It was for Congress to decide whether persons who had enlisted in the army and purchased their discharge should, during the period of their enlistment, be relieved from draft; and it did not see fit to relieve them.

On the face of the petition it states no case for the issue of the writ; and it is unnecessary that the respondent should answer, or that there should be any further hearing on the matter.

The matter of bail pending an appeal, which was somewhat discussed at the hearing on this petition, should be made the subject of a separate application.

Petition dismissed.